1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLORIA RENDON GARCIA, mother and heir of FELIPE RENDON GARCIA, | ) ) | CIV F 04-5999 AWI SMS |
| | ) | ORDER ON DEFENDANT'S |
| Plaintiff, | ) ) | RULE 12(b)(6) MOTION TO DISMISS |
| v. | ) ) | |
| DERRAL ADAMS, an Individual, | ) ) | |
| Defendants. | ) ) ) ) | |

17    This is a civil action for damages pursuant to 42 U.S.C. §§ 1983, 1985 and California

18 state law.  Plaintiff Gloria Garcia ("Garcia" or "Plaintiff") is the mother of Felipe Rendon,

19 deceased ("Decedent").  Derral Adams ("Adams" or "Defendant") is the warden of Corcoran

20 State Prison and the only named Defendant in this case.  Adams brings this Rule 12(b)(6) motion

21 to dismiss.

22                                              **FACTS**[1]

23    On May 27, 2003, Garcia's son Felipe Rendon ("Decedent") was in the custody of Adams

24 at the Corcoran State Prison.  On this date, Decedent died of asphyxia by hanging himself using a

25 towel and/or sheets tied to a ceiling fixture.  Decedent died in the early morning hours, but did

26

27    [1]Because this is a Rule 12(b)(6) motion to dismiss, the following facts are taken from Plaintiffs' complaint
and are assumed to be true for purposes of resolving the motion.  See Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.
28 1996).

not die immediately from hanging.  Decedent had previously attempted to commit suicide by

hanging himself while in the custody of Adams at Corcoran.  Adams and other officers were

aware of Decedent's severely agitated mental state since the Mexican Consulate and Decedent's

family had put Adams on notice of the situation.  Additionally, Adams and other officers had

placed Decedent on suicide watch.

On or about the time of Decedent's death, Adams and other officers were aware that

Decedent had been informed that his appeal had been denied and that his sentence would result

in significant incarceration for a crime that Decedent contended he did not commit.

Nevertheless, knowing that Decedent was suicidal, Adams and other officers willfully and

negligently provided Decedent with a towel, other pieces of material, and an exposed light

fixture, thus encouraging him to commit suicide.  Furthermore, Adams and other officers made

sure that Decedent was not supervised, monitored, and/or observed for almost an hour, thus

knowingly providing Decedent with the opportunity to kill himself.  Decedent took advantage of

the actions of Adams and other officers and fatally hanged himself.

On May 13, 2005, Plaintiff filed her First Amended Complaint ("FAC"), which contained

the above factual allegations.[2]  Plaintiff brings nine causes of action under Federal and California

law.[3]  Plaintiff essentially alleges violations of 42 U.S.C. § 1983 against Adams for failure to

train, discipline, and supervise his officers and for ratification of his officers's conduct.  Plaintiff

alleges that Adams's conduct violated Decedent's Fourth, Eighth, and Fourteenth Amendment

rights and her own Fourteenth Amendment rights to familial association.  Plaintiff also alleges

---

[2]Plaintiff's original complaint alleged causes of action against various California entities and Doe defendants.  In two orders, this Court dismissed the entities and gave Plaintiff the opportunity to identify the doe defendants.  Plaintiff later filed her FAC and named only Adams.  This motion was originally set for hearing in late November 2005.  After the Court had taken the matter under submission, Plaintiff filed a late stipulation to continue the hearing.  The stipulation indicated that Plaintiff would either drop Adams and dismiss the action or file an amended complaint.  Given the stipulation, the Court reset the hearing for January 30, 2006.  Prior to January 30, 2006, however, Plaintiff filed an opposition to the motion to dismiss.  In responding to the opposition, Adams does not argue that the stipulation has been violated, rather, the reply focuses on the legal points raised in the motion to dismiss and notes that Plaintiff has not taken advantage of the opportunity to amend.

[3]The FAC alleges nine causes of action and numbers the causes of action "First" through "Tenth."  However, there is no "Seventh" cause of action.

2

that Adams engaged in a 42 U.S.C. § 1985 conspiracy that violated Decedent's rights.  Finally,

Plaintiff alleges a wrongful death claim and two survival claims under California law.  Adams

now moves to dismiss all claims in the FAC.  For the reasons that follow, Adams's motion will

be granted in part and denied in part.

### F.R.C.P. 8(a)

Federal Rule of Civil Procedure 8(a) sets the pleading standard for claims for relief.

"Under the liberal rules of pleading, a plaintiff need only provide a 'short and plain statement of

the claim showing that the pleader is entitled to relief.'"  Sagana v. Tenorio, 384 F.3d 731, 736

(9th Cir. 2004) (quoting Fed. R. Civ. P. 8(a)).  This rule does "not require a claimant to set out in

detail the facts upon which he bases his claim."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  The

pleadings need only give the opposing party fair notice of a claim and the claim's basis.  Conley,

355 U.S. at 47; Sagana, 384 F.3d at 736; Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001).

47).  The pleadings are also to "be construed as to do substantial justice," and "no technical

forms of pleading . . . are required."  Fed. Rules Civ. Pro. 8(e)(1), 8(f); Sagana, 384 F.3d at 736;

Fontana, 262 F.3d at 877.  "Specific legal theories need not be pleaded so long as sufficient

factual averments show that the claimant may be entitled to some relief."  Fontana, 262 F.3d at

877; American Timber & Trading Co. v. First Nat'l Bank, 690 F.2d 781, 786 (9th Cir. 1982).

Also, there is no longer a heightened pleading standard for constitutional torts in which improper

motive is a part of the claim.  See Morgan v. United States, 323 F.3d 776, 780 (9th Cir. 2003);

Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

### F.R.C.P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations."  Neitzke v.

Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480,

1484 (9th Cir. 1995).  Thus, the determinative question is whether there is any set of "facts that

3

1  could be proved consistent with the allegations of the complaint" that would entitle plaintiff to

2  some relief.  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002).  In reviewing a complaint

3  under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light

4  most favorable to the non-moving party.  <u>Newman v. Sathyavaglswaran</u>, 287 F.3d 786, 788 (9th

5  Cir. 2002); <u>Vignolo v. Miller</u>, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court must also assume

6  that general allegations embrace the necessary, specific facts to support the claim.  <u>Smith v.</u>

7  <u>Pacific Prop. and Dev. Corp.</u>, 358 F.3d 1097, 1106 (9th Cir. 2004); <u>Peloza v. Capistrano Unified</u>

8  <u>Sch. Dist.</u>, 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true

9  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

10  inferences."  <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001); <u>see also</u>

11  <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003); <u>Western Mining</u>

12  <u>Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).  Courts will not "assume the truth of legal

13  conclusions merely because they are cast in the form of factual allegations."  <u>Warren</u>, 328 F.3d at

14  1139; <u>Western Mining Council</u>, 643 F.2d at 624.  Furthermore, Courts will not assume that

15  plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . .

16  laws that have not been alleged."  <u>Associated General Contractors of California, Inc. v.</u>

17  <u>California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

18          In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited

19  to reviewing only the complaint, but may review materials which are properly submitted as part

20  of the complaint and may take judicial notice of public records outside the pleadings.  <u>Lee v. City</u>

21  <u>of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001); <u>Campanelli v. Bockrath</u>, 100 F.3d 1476,

22  1479 (9th Cir. 1996); <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986).  A

23  dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

24  absence of sufficient facts alleged under a cognizable legal theory.  <u>Navarro v. Block</u>, 250 F.3d

25  729, 732 (9th Cir. 2001); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988).

26  If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend

27  even if no request to amend the pleading was made, unless it determines that the pleading could

28                                                          4

not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  In other words, leave to amend need not be granted when amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## DISCUSSION

Adams challenges the entirety of the FAC.  Adams moves for dismissal on the following grounds: (1) Garcia lacks standing to bring a wrongful death cause of action under California law; (2) Adams has immunity against Garcia's state law claim of negligent training, supervision, and hiring; (3) Garcia did not follow the requirements of the California Tort Claims Act with respect to each of Garcia's state law claims; (4) Adams was not personally involved in any activity that forms the basis of the FAC; (5) Adams did not promulgate or maintain a policy repugnant to the Constitution; (6) Garcia cannot maintain a 42 U.S.C. § 1983 lawsuit based on a violation of Decedent's civil rights; (7) no cause of action for municipal liability can be maintained; (8) Adams is immune against claims that he failed to summon medical help.

### 1.      Standing Under California Civil Procedure § 377.60 – 8th Cause of Action

*Adams's Argument*

Adams argues that for a parent to bring a wrongful death cause action under California law, the parent must prove that she was financially dependent on the deceased.  In the complaint, Garcia alleges that the Decedent was incarcerated and would be so incarcerated for a long period of time.  Because of the incarceration, it is impossible for Garcia to prove financial dependence and dismissal is appropriate.

*Garcia's Opposition*

Garcia argues that a wrongful death plaintiff does not have to be financially dependent on the deceased.  The Decedent died unmarried and without issue, thus, Garcia may bring a wrongful death suit because she would inherit under intestate succession.

*Relevant FAC Allegation*

Paragraph 101 of the FAC, which is part of the Eighth Cause of Action, reads:

As a further proximate result of the above described acts and omissions of

5

Defendant ADAMS, his officers, and each of them, PLAINTIFF has been deprived of the financial support of the Decedent RENDON, who died unmarried and without issue.  PLAINTIFF was financially dependent upon decedent RENDON for the necessaries of life and as such, Plaintiff will continue to incur lifelong loss of decedent's financial support in the future and for the remainder of her natural life, in an amount according to proof, and all to her financial detriment.

FAC at ¶ 101.

### *Legal Standard – Standing For California Wrongful Death Claim*

"Standing is a necessary element of federal-court jurisdiction." <u>Byrd v. Guess</u>, 137 F.3d 1126, 1131 (9th Cir. 1998); <u>Big Country Foods, Inc. v. Board of Education</u>, 952 F.2d 1173, 1176 (9th Cir. 1992).  Whether a "particular party has standing to pursue a claim naturally precedes the question of whether that party has successfully stated a claim." <u>Moreland v. City of Las Vegas</u>, 159 F.3d 365, 369 (9th Cir. 1998).

California Code of Civil Procedure § 377.60 establishes the wrongful death cause of action and delineates who may avail themselves of the action.  In relevant part, it reads:

A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:

(a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.

(b) Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, or parents. As used in this subdivision, "putative spouse" means the surviving spouse of a void or voidable marriage who is found by the court to have believed in good faith that the marriage to the decedent was valid.

Cal. Code Civ. Pro. § 377.60.

The statutory right to bring a wrongful death action under section 377.60(a) "is grounded in the right to inherit from the decedent . . . [and] the purpose behind the wrongful death statute is to provide compensation for the loss of companionship and other losses resulting from decedent's death." <u>Cheyanna M. v. A.C. Nielsen Co.</u>, 66 Cal.App.4th 855, 864 (1998).  Nevertheless, the cause of action for wrongful death is "a pure creature of the statute" and "'exists only so far and

6

in favor of such person as the legislative power may declare.'"  <u>Justus v. Atchison</u>, 19 Cal.3d 564, 575 (1977); <u>Rosales v. Battle</u>, 113 Cal.App.4th 1178, 1182 (2003); <u>Chavez v. Carpenter</u>, 91 Cal.App.4th 1433, 1438-1440 (2001); <u>Fraizer v. Velkura</u>, 91 Cal.App.4th 942, 945 (2001). Standing to sue is governed by California Code of Civil Procedure § 377.60, and the category of persons eligible to bring wrongful death actions is strictly construed.  Cal. Code Civ. Pro. § 377.60; <u>Steed v. Imperial Airlines</u>, 12 Cal.3d 115, 119-20 (1974); <u>Bouley v. Long Beach Memorial Medical Center</u>, 127 Cal.App.4th 601, 606 (2005); <u>Chavez</u>, 91 Cal.App.4th at 1438; <u>Fraizer</u>, 91 Cal.App.4th at 945; <u>Marks v. Lyerla</u>, 1 Cal. App. 4th 556, 559-60 (1991).  The legislative determination as to how far to extend a statutorily created right of action "is conclusive, unless it appears beyond rational doubt that an arbitrary discrimination between persons or classes similarly situated has been made without any reasonable cause therefor." <u>Justus</u>, 19 Cal.3d at 581; <u>Holguin v. Flores</u>, 122 Cal.App.4th 428, 437-38 (2004).

Probate Code § 6402 sets the order of intestate succession under § 377.60(a).  <u>See</u> <u>Chavez</u>, 91 Cal.App.4th at 1440; <u>Frazier</u>, 91 Cal.App.4th at 946.  When there is no surviving spouse or domestic partner, § 6402, in relevant part, provides the following succession:

> (a) To the issue of the decedent, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take in the manner provided in Section 240.

> (b) If there is no surviving issue, to the decedent's parent or parents equally.

Cal. Prob. Code § 6402(a), (b).  A plaintiff who brings a wrongful death suit as an heir must establish the absence of issue by the decedent and the entitlement or propriety of the heir to seek recovery under § 377.60, i.e. that the heir actually has standing under § 377.60.  <u>See</u> <u>Nelson v. County of Los Angeles</u>, 113 Cal.App.4th 783, 789 (2004); <u>Coats v. K-Mart Corp.</u>, 215 Cal.App.3d 961, 969-70 (1989); <u>Jolley v. Clemens</u>, 28 Cal.App.2d 55, 74-75 (1938).

Section 377.60(a) gives standing to those persons "'who would be entitled to the property of the decedent by intestate succession,' but only 'if there is no surviving issue of the decedent.'" <u>Chavez</u>, 91 Cal.App.4th at 1440 (quoting Cal. Code Civ. Pro. § 377.60(a)).  A decedent's parents become heirs under the wrongful death statute when there is no surviving issue.  Cal. Code Civ.

Pro. § 377.60(a); Cal. Prob. Code, § 6402(b); <u>Chavez</u>, 91 Cal.App.4th at 1440. Where a decedent leaves issue, "his parents would not be his heirs at all and therefore not entitled to maintain [a wrongful death] action at all." <u>Chavez</u>, 91 Cal.App.4th at 1440; <u>Jolley v. Clemens</u>, 28 Cal. App. 2d 55, 74 (1938). However, "[r]egardless of their status as heirs, parents may sue for the wrongful death of their child 'if they were dependent on the decedent.'" <u>Chavez</u>, 91 Cal.App.4th at 1440 (quoting Code Civ. Pro. § 377.60(b)); <u>see also</u> <u>Foster v. City of Fresno</u>, 392 F.Supp.2d 1140, 1146 (E.D. Cal. 2005). "'Dependence' refers to financial rather than emotional dependency . . . [and] a parent 'must show that they were actually dependent, to some extent, upon the decedent for the necessaries of life.'" <u>Foster</u>, 392 F.Supp.2d at 1146; <u>Chavez</u>, 91 Cal.App.4th at 1445 ("Financial dependency should be the test for parents who are not heirs of the decedent."); <u>Perry v. Medina</u>, 192 Cal.App.3d 603, 608-10 (1987). Financial dependency is generally a question of fact and should be determined on a case-by-case basis. <u>Chavez</u>, 91 Cal.App.4th at 1446; <u>Perry</u>, 192 Cal.App.3d at 610. Accordingly, from Civil Procedure § 377.60(a), (b) and Probate § 6402, a "parent may only assert a wrongful death claim if there are no children or issue or if . . . she is 'dependent on the decedent.'" <u>Foster</u>, 392 F.Supp.2d at 1146.

## *Resolution*

At this stage in the proceedings, Garcia's allegations are sufficient to show that she has standing to assert a wrongful death claim. Paragraph 101 alleges that the Decedent was unmarried and died "without issue." FAC at ¶ 101. Because this is a Rule 12(b)(6) motion, Plaintiffs's allegations are accepted as true. <u>Newman</u>, 287 F.3d at 788. Since the Court must assume that Decedent died unmarried and without issue, Garcia is Decedent's heir and a proper plaintiff under § 377.60(a). <u>See</u> Cal. Code Civ. Pro. § 377.60; Cal. Prob. Code § 6402.

Defendant's argument that Garcia must show financial dependence is not persuasive. Section 377.60 states that "any of the following persons" may bring a wrongful death cause of action. Section 377.60(a) identifies certain persons who may assert a wrongful death cause of action, including those entitled to inherit under intestate succession if there is no surviving issue. Cal. Code Civ. Pro. § 377.60(a). Section 377.60(b) then identifies other persons who may assert

a claim for wrongful death. None of the individuals listed in subsection (a) are expressly listed in subsection (b). <u>Cf.</u> Cal. Code Civ. Pro. § 377.60(a) <u>with</u> Cal. Code Civ. Pro. § 377.60(b). That subsection reads in pertinent part, "Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, or parents." Cal. Code Civ. Pro. § 377.60(b). "Whether or not qualified under subdivision (a)," is the same as saying "irrespective of" or "regardless of" subdivision (a). <u>See, e.g.,</u> <u>Chavez</u>, 91 Cal.App.4th at 1040. Subsection (b) expands the class of persons who may bring suit as compared to subsection (a). Subsections (a) and (b) are simply alternatives for establishing standing; the language of the statute or subsections do not indicate that (b) limits (a). <u>Cf.</u> <u>Foster</u>, 392 F.Supp.2d at 1146; <u>Chavez</u>, 91 Cal.App.4th at 1140, 1145. The act then continues to identify other persons who may bring a wrongful death claim, namely a dependent minor who lived with the decedent for a specified period of time; such "resident minors" are not listed in subsections (a) or (b). Cal. Code Civ. Pro. § 377.60(c).

Case law supports the interpretation that subsections (a) and (b) are intended to expand the class of those who may bring a wrongful death suit. In *Perry v. Medina*, the court explained that the wrongful death statute was amended in reaction to situations where a parent who was financially dependent upon a decedent, but who was not an heir, had no standing. <u>Perry</u>, 192 Cal.App.3d at 609-610 (discussing <u>Evans v. Shanklin</u>, 16 Cal.App.3d 358 (1938)). Under cases like *Evans*, the key was whether the parent was an heir, not whether the parent was financially dependent. <u>See</u> <u>Perry</u>, 192 Cal.App.3d at 609 (discussing <u>Evans</u>, 16 Cal.App.2d at 362-63). The *Evans* court indicated that, "The remedy for *extending* the right of action to the mother under the facts and circumstances of this case [not an heir, but financially dependent] must come from the legislature." <u>Evans</u>, 16 Cal.App.2d at 362-63 (emphasis added); <u>Perry</u>, 192 Cal.App.3d at 609-610. Thus, according to *Perry*, allowing financially dependent parents to recover for wrongful death was seen as an expansion of existing law since parents who were merely heirs could

9

recover regardless of financial dependence.[4]  See Perry, 192 Cal.App.3d at 609 (discussing Evans, 16 Cal.App.2d at 362-63).

Similarly, in *Hazelwood v. Hazelwood*, a case where the decedent left a minor daughter and the decedent's parents brought suit, the court noted that:

> The right of [the parents] to maintain their action for wrongful death and, therefore, to share in the settlement proceeds must be founded upon their status as dependent parents. They are not heirs of the decedent.  Prob. Code, § 221; Estate of Jones (1934) 3 Cal.App.2d 395, 397.  The right to sue for wrongful death is limited to the persons described in section 377.  Steed v. Imperial Airlines (1974) 12 Cal.3d 115, 119.  The statute formerly *limited* the right of action to heirs of the decedent and personal representatives of the decedent suing on the heirs' behalf. See Evans v. Shanklin (1936) 16 Cal.App.2d 358, 360-361.  In 1968, section 377 was amended to permit actions to be brought by dependent parents of the decedent.

Hazlewood v. Hazlewood, 57 Cal.App.3d 693, 695-96 (1976) (emphasis added).

Finally, in *Chavez*, the plaintiffs were parents of the decedent and attempted to show standing under both § 377.60(a) and § 377.60(b), i.e. that they were both heirs and dependent parents.  Chavez, 91 Cal.App.4th at 1440.  The *Chavez* Court held that the decedent's daughter had survived the decedent (but died shortly thereafter), which "cut off" the plaintiff-parents in terms of intestate succession and, thus, also defeated wrongful death standing as heirs.  Id. at 1441-42.  The Court then noted that "regardless" of § 377.60(a), the parents could establish standing as dependent parents under § 377.60(b).  Id. at 1445.  The court found disputed issues of fact as to financial dependency.  Id. at 1447-48.  The *Chavez* court analyzed subsections (a) and (b) of § 377.60 separately and did not indicate in any way that (b) limits or puts additional qualifications on (a).  Id. at 1440, 1445-48.

As *Evans*, *Hazlewood*, and *Perry* indicate, the wrongful death statute had originally limited the standing of parents based on their status as heirs, but then expanded standing to expressly include dependent parents.  Adams argues that Garcia cannot read out the requirement

---

[4]*Perry* is the only case relied on by Adams.  In *Perry*, the decedent was in the process of divorcing his wife and had a minor daughter.  Perry, 192 Cal.App.3d at 606.  Because the decedent in *Perry* was survived by issue, the parents could not be heirs.  Chavez, 91 Cal.App.4th at 1440.  Thus, the only way for the *Perry* mother to establish standing was by claiming to be a dependent parent under § 377.60(b).  See Cal. Code Civ. Pro. § 377.60; cf. Chavez, 91 Cal.App.4th at 1440, 1445.  *Perry* does not aide Adams.

of financial dependence from the statute.  However, Adams cannot read limitations into the statute that do not exist.  A parent need only establish standing under either § 377.60(a) or § 377.60(b).  See Cal. Code Civ. Pro. § 377.60; Foster, 392 F.Supp.2d at 1164; Chavez, 91 Cal.App.4th at 1040, 1045; Perry, 192 Cal.App.3d at 609-610; Hazelwood, 57 Cal.App.3d at 695-96.  Defendant's motion to dismiss the Eighth cause of action because of lack of standing is denied.[5]

### 2.      Compliance With California Tort Claims Act

*Defendant's Argument*

Defendant argues that Plaintiff's three state law causes of action must be dismissed because Garcia has not alleged compliance with the tort claims act.  Specifically, Adams argues that the tort claims act applies when a person brings suit against a state employee.  Here, the only allegation regarding compliance indicates that Garcia sent notice to "Adams" and that "Adams" reviewed and denied the claim.  Since Derral Adams, an individual, is not the Victim Compensation and Government Claims Board, the allegations do not show compliance and the state law claims must be dismissed.

*Plaintiff's Opposition*

Plaintiff argues that the California Tort Claims Act's notice requirements are inapplicable to 42 U.S.C. § 1983 causes of action.  Plaintiff argues that supplemental jurisdiction is appropriate in this case because the state law claims involve the same nucleus of operative facts as the § 1983 claim.  Because the state and federal claims involve the same nucleus, "the exercise of supplemental jurisdiction despite the failure to file a claim with the government under state law is appropriate."

*Relevant FAC Allegation*

At Paragraph 29 of the FAC, Garcia alleges:

---

[5]Adams requests that the Court take judicial notice of various documents concerning Decedent's incarceration in order to show that Garcia could not be financially dependent.  Since Garcia does not need to show financial dependence, it is unnecessary to take judicial notice of the documents.  Adams's request is denied as moot.

> Prior to commencement of this action, Plaintiff filed a claim for money damages with Defendant ADAMS as required by the pertinent and controlling sections of the California Government Code, and Defendant ADAMS rejected, denied or denied by operation of law the timely filed claim.  Accordingly, the present plaintiff has complied with the claim presentation requirements of the Government Code.  Such claims having been rejected by the defendant, plaintiff hereby institutes the present lawsuit.

FAC at ¶ 29.

### *Legal Standard – California Tort Claims Act*

As a prerequisite for money damages litigation against a public entity, the California Tort Claims Act requires presentation of the claim to the entity.  See Cal. Gov. Code § 945.4; City of San Jose v. Superior Court, 12 Cal.3d 447, 454 (1974).  Section 915 of the Government Code instructs where a claim is to be presented.  With respect to suits against the State of California, § 915 states:

> (b) Except as provided in subdivision (c),[6] a claim, any amendment thereto, or an application for leave to file a late claim shall be presented to the state by either of the following means:
> (1) Delivering it to an office of the Victim Compensation and Government Claims Board.
> (2) Mailing it to the Victim Compensation and Government Claims Board at its principal office.
> . . . . . . . . . . . .
> (d) A claim, amendment or application shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section if it is . . . actually received at an office of the Victim Compensation and Government Claims Board . . . within the time prescribed for presentation thereof.

Cal. Gov't Code § 915(b), (d).

Compliance with the Tort Claims Act is mandatory, and the failure to follow its requirements is fatal to a cause of action.  See City of San Jose, 12 Cal.3d at 454.  The California Supreme Court has made clear that a plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement."  State of California v. Superior Court of Kings County, 32 Cal.4th 1234, 1243 (2004) (hereinafter "Bodde").

The Tort Claims Act also contains provisions for suits against public employees.  Government Code § 950.2 reads:

---

[6]Section 915(c) deals with judicial branch entities.  Cal. Gov't Code § 915(c).

12

> Except as provided in Section 950.4,[7] a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945)[8] of Part 4 of this division. This section is applicable even though the public entity is immune from liability for the injury.

Cal. Gov't Code § 950.2.

Accordingly, § 950.2 mandates that "'a cause of action against a public employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee is barred' unless a timely claim has been filed against the employing public entity." Fowler v. Howell, 42 Cal.App.4th 1746, 1750 (1996). The California Legislature "included in the Tort Claims Act what amounts to a requirement that . . . one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment [must] have filed a claim against the public-entity employer pursuant to the procedure for claims against public entities." Briggs v. Lawrence, 230 Cal. App. 3d 605, 612-13 (1991) (citing Cal. Gov. Code §§ 911.2, 945.4, 950.2, 950.6(a)). The failure to adequately allege compliance with the Tort Claims Act when suing a public employee makes dismissal appropriate. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988) (affirming dismissal of pendent state law claims against public employee where plaintiff failed to allege compliance with the Tort Claims Act); Dennis v. Thurman, 959 F. Supp. 1253, 1264 (C.D. Cal. 1997); Briggs, 230 Cal.App.3d at 613; Neal v. Gatlin, 35 Cal. App. 3d 871, 877-78 (1973).

A public employee acts within the scope of employment when he "is engaged in work he was employed to perform or when an act is incident to his duty and was performed for the benefit of his employer and not to serve his own purpose." Fowler, 42 Cal.App.4th at 1750-51. Scope of employment is viewed broadly and includes both negligent and willful and malicious acts, and

---

[7] Section 950.4 applies to those who do not know or have reason to know that an injury resulted from conduct by a public employee acting within the course and scope of his employment. Cal. Gov't Code § 950.4.

[8] Section 945.4 requires that notice of claim be sent to a public entity before a suit for damages may be brought. Cal. Gov't Code § 945.4.

1   may include conduct or behavior that is not the "ultimate object of employment." Id.  The proper

2   inquiry is whether conduct "was committed in the course of a series of acts of the employee

3   which were authorized by the employer." Id.  Scope of employment is generally a question of

4   fact. Id.

5       *Resolution*

6       From the complaint, Adams is alleged to be the warden of Corcoran State Prison.  Garcia

7   alleges, *inter alia*, that Adams failed to maintain or promulgate appropriate policies, failed to

8   prevent improper conduct although he had the opportunity to do so, failed to adequately monitor,

9   train, or supervise his officers and/or the prisoners, or that Adams ratified improper conduct

10  against prisoners by his guards.  The complaint clearly alleges conduct by Adams that is within

11  the course and scope of his employment as warden of the prison.  Thus, Garcia was required to

12  follow § 950.2 and provide a written claim, not to Adams, but to his employing entity.  See Cal.

13  Gov't Code §§ 915, 950.2, 945.4; Karim-Panahi, 839 F.2d at 627; Dennis, 959 F.Supp. at 1264;

14  Fowler, 41 Cal.App.4th at 1750; Briggs, 230 Cal.App.3d at 613.  The complaint attempts to

15  allege compliance with the Tort Claims Act, but it affirmatively alleges non-compliance.  The

16  complaint alleges that a written claim was sent to Adams, that Adams reviewed the claim, and

17  that Adams rejected the claim.  See FAC at ¶ 29.  Since written notice was required to be sent,

18  not to Adams, but to Adams's employing public entity, Garcia has affirmatively pled non-

19  compliance.

20      The *Bodde* Court concluded that compliance with the Tort Claims Act is an element of a

21  cause of action against an entity.  See Bodde, 32 Cal.4th at 1240-1244.  Since § 950.2 imposes

22  notice and timeliness requirements when one sues a public employee for conduct performed

23  within the course and scope of his employment, Garcia must allege compliance with the Tort

24  Claims Act as part of her California law claims, irrespective of 42 U.S.C. § 1983.[9]  See Karim-

25  Panahi, 839 F.2d at 627.  Garcia cites no authority that supports the proposition that

26  ─────────────

27      [9]The California Tort Claims Act is not applicable to claims under 42 U.S.C. § 1983.  Bodde, 32 Cal.4th at
    1240; Williams v. Horvath, 16 Cal.3d 834 (1976).

28                                              14

1   supplemental jurisdiction eliminates the requirement of compliance with the California Tort

2   Claims Act for state claims.   Since the FAC contains allegations that show non-compliance with

3   the Tort Claims Act, dismissal of all state law claims is appropriate.[10]  Karim-Panahi, 839 F.2d at

4   627; Dennis, 959 F.Supp. at 1264; Bodde, 32 Cal.4th at 1240-1244; City of San Jose, 12 Cal.3d

5   at 454; Fowler, 41 Cal.App.4th at 1750; Briggs, 230 Cal.App.3d at 613; Neal, 35 Cal.App.3d at

6   877-78.

7       **3.      Standing – 42 U.S.C. § 1983:  First, Second, & Third Causes of Action**

8       *Defendant's Argument*

9       Adams argues that the first three causes of action in the FAC allege violations of the

10  Decedent's rights.  Rights under the Fourth and Fourteenth Amendment are personal and cannot

11  be vindicated by a third party.  As Garcia has not pled that she is the Decedent's personal

12  representative, she cannot proceed on these causes of action.

13      *Plaintiff's Opposition*

14      Plaintiff argues that she has standing as the personal representative and heir of Decedent.

15  Because she can allege that she is the personal representative, Garcia argues that she must be

16  allowed to proceed.

17      *Legal Standard*

18      "Standing is a necessary element of federal-court jurisdiction."  Byrd, 137 F.3d at 1131.

19  Whether a "particular party has standing to pursue a claim naturally precedes the question of

20  whether that party has successfully stated a claim."  Moreland, 159 F.3d at 369.  "It is well

21  established that the federally protected rights that are enforceable under § 1983 are 'personal' to

22

23      [10]Defendant argues that the Ninth Cause of Action, state law liability for negligent hiring, training, and
    supervision, should be dismissed because Adams enjoys immunity under Government Code § 820.2.  Section 820.2

24  provides immunity for injuries that result from an act or omission "where the act or omission was the result of the
    exercise of the discretion vested in him, whether or not such discretion be abused."  Cal. Gov't Code § 820.2.

25  However, "almost all acts involve some choice among alternatives, and the statutory immunity thus cannot depend
    upon a literal or semantic parsing of the word 'discretion.'"  Caldwell v. Montoya, 10 Cal.4th 972, 981 (1995)

26  (discussing and quoting Johnson v. State of California, 69 Cal.2d 782, 787-790 (1968)).  Defendant's argument cites
    only to § 820.2 and does not cite to any case law or cases with a similar fact pattern as the one at bar.  In light of the

27  Court's dismissal of all state law causes of action, and because Defendant's § 820.2 argument is inadequately
    developed, the Court will not decide the applicability of § 820.2 to this case in this motion.

28                                                     15

1  the injured party." Rose v. City of Los Angeles, 814 F.Supp. 878, 881 (C.D. Cal. 1993).

2  Accordingly, "a section 1983 claim must be based upon the violation of plaintiff's personal

3  rights, and not the rights of someone else." Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir.

4  1990); Van Deelen v. Shawnee Mission Unified Sch. Dist. #512, 316 F.Supp.2d 1052, 1056 (D.

5  Kan. 2004); Rose, 814 F.Supp. at 881; see also McKelvie v. Cooper, 190 F.3d 58, 64 (2d Cir.

6  1999). "As such, the question is not whether the [defendant] acted reasonably vis-a-vis the world

7  at large. Rather, the question is whether the [defendant] acted reasonably as against the

8  plaintiff." Howerton v. Fletcher, 213 F.3d 171, 173 (4th Cir. 2000). However, under 42 U.S.C.

9  § 1988, a § 1983 claim that accrued before death survives the decedent where state law

10  authorizes a survival action as a "suitable remedy . . . not inconsistent with the Constitution and

11  laws of the United States. . ." 42 U.S.C. § 1988; Robertson v. Wegmann, 436 U.S. 584, 588-90

12  (1978); Rose, 814 F.Supp. at 880.

13      California law provides that, "a cause of action for or against a person is not lost by

14  reason of the person's death, but survives subject to the applicable limitations period." Cal. Code

15  Civ. Pro. § 377.20(a); Chavez, 91 Cal.App.4th at 1443. "A cause of action that survives the

16  death of the person . . . may be commenced by the decedent's personal representative or, if none,

17  by the decedent's successor in interest." Cal. Code Civ. Pro. § 377.30; Estate of Lowrie, 118

18  Cal.App.4th 220, 228 n.8 (2004). A "'decedent's successor in interest' means the beneficiary of

19  the decedent's estate[11] or other successor in interest who succeeds to a cause of action or to a

20  particular item of the property that is the subject of a cause of action." Cal. Code Civ. Pro. §

21  377.11; Lowrie, 118 Cal.App.4th at 228 n.10. California Probate Code § 58 defines a "personal

22

23          [11]"Beneficiary of the decedent's estate" means:

24  (a) If the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of
action, or to a particular item of property that is the subject of a cause of action, under the decedent's will.

25  (b) If the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action,
26  or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the
Probate Code or, if the law of a sister state or foreign nation governs succession to the cause of action or particular
item of property, under the law of the sister state or foreign nation.

27  Cal Code Civ Pro. § 377.10.

28                                        16

representative" as an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58; Myers v. Philip Morris, Inc., 2003 U.S. Dist. LEXIS 13031, 17-18 (E.D. Cal. 2003); Rose, 814 F.Supp. at 881; Coats, 215 Cal.App.3d at 967.   California law requires that "a plaintiff who commences an action as a decedent's 'successor in interest' must execute and file an affidavit or declaration under penalty of perjury, stating: (1) the decedent's name; (2) the date and place of decedent's death; (3) that no proceedings are pending in California for the administration of the decedent's estate; (4) either that the declarant is the decedent's successor in interest or is authorized to act on behalf of the decedent's successor in interest; and (5) that no other person has a superior right to commence the action or proceeding for the decedent." Dillard v. Curtis, 2004 U.S. Dist. LEXIS 22926, 20-21 (N.D. Cal. 2004) (discussing Cal. Civ. Proc. Code § 377.32(a), (b)); see also Myers, 2003 U.S. Dist. LEXIS 13031 at 17-18.   Further, a certified copy of the death certificate must be attached and, if the decedent's estate was administered, the declarant must also produce a copy of the final order showing distribution of the decedent's cause of action to the successor in interest.  Cal. Civ. P. Code § 377.32(a)(4), (c).  "Although Civil Procedure Code 377.32 is a rule of California (not federal) procedure, it seems to set a minimum threshold below which a person claiming to be a 'successor in interest' should not be permitted to slip . . . ." Dillard, 2004 U.S. Dist. LEXIS 22926 at 21.  The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets the stat's requirements for bringing a survival action.  Moreland, 159 F.3d at 369.

   *Resolution*

   Here, the First, Second, and Third causes of action are claims under § 1983.  Each of these causes of action are alleged in terms of "plaintiff's Decedent" suffering a deprivation of his Fourth or Fourteenth Amendment rights. E.g. FAC at ¶¶ 38 (". . . against PLAINTIFF'S decedent in violation of his right under the Fourth and Fourteenth Amendments . . . ."), 42 ("This

action is brought pursuant to 42 U.S.C. § 1983, for violation of PLAINTIFF'S Decedent's rights under the Fourth and Fourteenth Amendments . . . ."), 53 (same).  There are no allegations that Adams violated Garcia's personal rights in these causes of action and there are no allegations in the FAC that Garcia is the personal representative of the Decedent.  Garcia alleges at Paragraph 101 that Decedent died unmarried and without issue.  FAC at ¶ 101.  That paragraph, however, is insufficient to establish Garcia's status as the personal representative.  See Cal. Code Civ. Pro. § 377.30; Cal. Prob. Code § 58.

Although not mentioned or referenced by Garcia, at Paragraph 4, Garcia alleges that she is the surviving natural mother and heir at law of Decedent and is entitled under § 377.30 to bring and maintain this suit for herself individually and "as successor in interest to the estate of [Decedent] including those for the violation of decedent's civil rights . . . ."  FAC at ¶ 4.  California Code of Civil Procedure § 377.30 dictates that a survival action may be brought by the decedent's personal representative.  Cal. Code Civ. Pro. § 377.30.  If there is no personal representative, then a successor in interest may bring the survival suit.  Id.; Dillard, 2004 U.S. Dist. LEXIS 22926 at 20.  Since general allegations are assumed to contain the specific allegations to support them in a motion to dismiss, the court may assume that decedent has no personal representative.  However, a "person who seeks to commence an action . . . as the decedent's successor in interest" under California law must file a declaration that contains certain information.  Cal. Code Civ. Pro. § 377.32;[12] Dillard, 2004 U.S. Dist. LEXIS 22926 at 20; Myers

---

[12]California Code of Civil Procedure § 377.32 reads in its entirety:

(a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:

(1) The decedent's name.
(2) The date and place of the decedent's death.
(3) "No proceeding is now pending in California for administration of the decedent's estate."
(4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
(5) Either of the following, as appropriate, with facts in support thereof:

(A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."

v. Philip Morris, Inc., 2003 U.S. Dist. LEXIS 13031 at 18 (E.D. Cal. 2003).  There are no allegations in the complaint addressing the information required under § 377.32, let alone the necessary declaration.[13]  Accordingly, the complaint does not sufficiently show that Garcia has standing as a successor in interest.

The First, Second, and Third causes of action seek to vindicate the rights of the Decedent and not the personal rights of Garcia.  This requires Garcia to properly allege her representative capacity under California law in order to bring such survival claims.  Because Garcia has failed to do so, she has failed to establish standing for the First, Second, and Third causes of action; dismissal of these claims is appropriate.

Additionally, the same result is required of the Fifth cause of action.  The Fifth cause of action alleges a civil rights conspiracy under 42 U.S.C. § 1985(2), (3).  The FAC alleges that members of the conspiracy were motivated by animus against minorities including "PLAINTIFF'S decedent," that the conspirators *inter alia* "intended to deny PLAINTIFF'S decedent the equal protection of the laws and injured PLAINTIFF'S decedent in [various respect]," and that "PLAINTIFF'S decedent was deprived of his rights and privileges."  FAC at ¶¶ 80-83.  The FAC makes no allegations with respect to Garcia's rights under the Fifth cause of action.  "The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations."  Thornton v. City of St. Helens, 425 F.3d 1158, 1168

(B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
(6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
(7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

(b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate to reflect that fact.

(c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.

[13]The § 377.32 declaration requirement is not applicable to those seeking to commence suit as the personal representative of a decedent.  Myers, 2003 U.S. Dist. LEXIS 13031 at 18.

(9th Cir. 2005); Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989).  Just as the

First, Second, and Third causes of action did not allege deprivations of Garcia's personal rights,

the Fifth cause of action is similarly infirm.  As discussed above, Garcia has not properly pled the

applicability of the appropriate survival provisions.  Dismissal of the Fifth cause of action is

appropriate because Garcia has not established standing to sue for injuries suffered by the

Decedent.  See Rose, 814 F.Supp. at 880-82.

### 4.    Insufficient Personal Involvement – Fourth and Sixth Causes of Action

#### *Defendant's Argument*

Defendant argues that Garcia is alleging that Defendant maintained unlawful policies

resulting in false reports, unlawful searches and seizures, ignoring the serious medical needs of

inmates, excessive force, failure to adequately monitor inmates at risk for suicide, ratifying

wrongful conduct, failing to train and supervise, and negligent hiring.  However, to impose

monetary liability on a civil rights defendant, it must be shown that the defendant was personally

involved in the improper conduct.  See Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1988).

Defendant argues that generalized allegations are insufficient and that a particularized description

of the duties, responsibilities, and discretion must be pled.  See Leer v. Murphy, 844 F.2d 628,

633-34 (9th Cir. 1988).  Defendant also argues that nothing he did after decedent's death can be

basis for liability.  Defendant argues that the FAC is deficient because it fails to show that

Defendant maintained policies that amounted to a repudiation of rights and fails to plead

specifics as Defendant's duties, Defendant's ability to manage medical staff, Defendant's ability

to prevent suicide, or how deficiencies caused decedent's death.

#### *Plaintiff's Opposition*

Garcia argues that the FAC has alleged specific facts.  Garcia argues that the complaint

alleges that Adams was either actually aware or had constructive knowledge of decedent's

suicide risk because suicide protocols were referenced in decedent's file.  It is also alleged that

Adams was personally responsible for the adherence to and application of the suicide protocols,

due to lax supervision those protocols were not followed, and Adams was personally responsible

1  for making sure that all prisoners received adequate and timely medical care.  Adams breached

2  his duties to adequately train, supervise, and promulgate adequate policies.  Also, Garcia argues

3  that she can now name the individual officers who were on duty and directly responsible for

4  monitoring and inspecting decedent.

5      *Legal Standard*

6      Under 42 U.S.C. § 1983, "supervisory officials are not liable for actions of subordinates

7  on any theory of vicarious liability."  Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001);

8  Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989).  Rather, a "supervisor may be liable

9  under § 1983 only if there exists either (1) his or her personal involvement in the constitutional

10  deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and

11  the constitutional violation."  Jeffers, 267 F.3d at 915; Hansen, 885 F.2d at 646.  "Supervisory

12  liability is imposed against a supervisory official in his individual capacity for his own culpable

13  action or inaction in the training, supervision, or control of his subordinates, for his

14  acquiesce[nce] in the constitutional deprivations of which [the] complaint is made, or for conduct

15  that showed a reckless or callous indifference to the rights of others."  Menotti v. City of Seattle,

16  409 F.3d 1113, 1149 (9th Cir. 2005); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.

17  1991); see also Dubner v. City & County of San Francisco, 266 F.3d 959, 968-969 (9th Cir.

18  2001); Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998).  However, "the Civil

19  Rights Act, 42 U.S.C. §§ 1983 and 1985, does not provide a cause of action on behalf of a

20  deceased based upon alleged violation of the deceased's civil rights which occurred after his

21  death.  A 'deceased' is not a 'person' for the purposes of 42 U.S.C. §§ 1983 and 1985, nor for the

22  constitutional rights which the Civil Rights Act serves to protect."  Guyton v. Phillips, 606 F.2d

23  248, 250 (9th Cir. 1979); see also Judge v. City of Lowell, 160 F.3d 67, 76 (1st Cir. 1998).

24      *Resolution*

25      Here, Adams is demanding a pleading standard higher than that required by Rule 8.

26  Garcia is not required "to set out in detail the facts upon which [she] bases [her] claim," rather

27  the complaint need only give the opposing party fair notice of a claim and the claim's basis.

28                                          21

<u>Conley</u>, 355 U.S. at 47; <u>Sagana</u>, 384 F.3d at 736; <u>Fontana</u>, 262 F.3d at 877.  There is no longer a heightened pleading standard for constitutional torts in which improper motive is a part of the claim.  <u>Morgan</u>, 323 F.3d at 780; <u>Galbraith</u>, 307 F.3d at 1125-26.  The case relied on by Adams, <i>Leer</i>, is a summary judgment case.  <u>Leer</u>, 844 F.2d at 633-34.  The current motion is a motion to dismiss, not a motion for summary judgment, and different standards apply to a motion to dismiss as compared to a motion for summary judgment.  <u>See Lujan v. Defenders of Wildlife</u>, 504 U.S. 550, 561 (1992).

The Fourth and Sixth causes of action allege violations of Garcia's Fourteenth Amendment right to familial association.  There is no dispute that such a right is recognized in the Ninth Circuit.  <u>See Lee v. City of Los Angeles</u>, 250 F.3d 668, 685-86 (9th Cir. 2001).  The Fourth and Sixth causes of action incorporate by reference each paragraph that preceded it.  <u>See</u> FAC at ¶¶ 72, 86.  In the preceding paragraphs, it is alleged <i>inter alia</i> that: (1) Adams employed substandard employment procedures and training and supervision of his officers; (2) Adams was in a position, and had the authority, to lawfully intervene and prevent the hanging of Decedent but failed to do so; (3) Adams ratified the improper conduct of his officers by failing to discipline the officers, filing misleading reports, and by failing to recommend investigation; and (4) that Adams, with knowledge of Decedent's risk of suicide, failed to properly monitor Decedent and actually provided Decedent with the means and opportunity to commit suicide.  <u>Id.</u> at ¶¶ 23, 24, 32, 39, 46.  These allegations all fit within the methods of holding a supervisor liable in his individual capacity for injuries.  <u>See Menotti</u>, 409 F.3d at 1149; <u>Jeffers</u>, 267 F.3d at 915; <u>Larez</u>, 946 F.2d at 646; <u>Hansen</u>, 885 F.2d at 646.  Taking the allegations in the complaint as true and in the light most favorable to Garcia, <u>see Newman</u>, 287 F.3d at 788, and assuming that general allegations contain the necessary specific facts to support them, <u>see Smith</u>, 358 F.3d at 1106, the allegations provide sufficient notice to Adams of Garcia's alleged due process familial association claim and the general factual basis thereof.  Under Rule 8, that is all that is required.  <u>Conley</u>, 355 U.S. at 47; <u>Sagana</u>, 384 F.3d at 736; <u>Fontana</u>, 262 F.3d at 877.  Dismissal of the Fourth and Sixth causes of action is inappropriate.

**CONCLUSION**

Standing is necessary to establish jurisdiction in federal court, irrespective of whether Garcia has pled a cause of action. The First, Second, Third, and Fifth causes of action under 42 U.S.C. § 1983 and § 1985 are based on violations of the Decedent's rights. The allegations do not indicated that these causes of action seek to vindicate the rights of Garcia. However, this case involves a suicide and state law provides for survival claims. 42 U.S.C. § 1988 incorporates state law into federal law to the extent the state law is not inconsistent with the Constitution or federal law. Garcia may vindicate the rights of Decedent under state law if she is either the decedent's personal representative or successor in interest if there is no personal representative. Garcia has not adequately alleged an appropriate representative capacity; thus, she has failed to establish standing to bring these causes of action. Dismissal of the First, Second, Third and Fifth causes of action is appropriate.[14]

With respect to the Fourth and Sixth causes of action for interference with familial association, Garcia has alleged that Adams employed substandard employment procedures, training and supervision of his officers, was in a position and had the authority to lawfully intervene and prevent the hanging of Decedent but failed to do so, ratified the improper conduct of his officers by failing to discipline the officers, filing misleading reports, and by failing to recommend investigation, and that, with knowledge of Decedent's risk of suicide, failed to properly monitor Decedent and actually provided Decedent with the means and opportunity to commit suicide. Under *Larez*, Rule 8, and the framework of motions to dismiss, these allegations are sufficient to allege liability against Adams in his individual capacity for interference with Garcia's substantive due process right to familial association through the suicide of Decedent. Dismissal of these claims is not appropriate.[15]

---

[14]Because Garcia has failed to establish standing, it is not necessary to address Adams's additional arguments.

[15]The Fourth and Sixth causes of action appear to be duplicative and the Court discerns no material difference between them. If Garcia files an amended complaint, she is directed to remedy this apparent redundancy.

With respect to the Eighth cause of action for wrongful death under state law, Garcia has alleged that the Decedent died unmarried and without issue.  That is sufficient for purposes of a motion to dismiss to establish standing as an heir under California Civil Procedure § 377.60(a). It is not necessary for Garcia to allege financial dependence in order to establish standing under the California's wrongful death statute.  However, with respect to all of the state law claims (the Eighth, Ninth, and Tenth causes of action), Garcia has only brought suit against Adams.  The allegations in the complaint indicate that Garcia is bringing suit against Adams for conduct done within the course and scope of his employment as warden of Corcoran State Prison. Accordingly, the Tort Claims Act requires that notice of the claim be sent to Adams's employing public entity.  The FAC, however, affirmatively pleads non-compliance with the Tort Claims Act since the allegations show that notice was sent to Adams.  Because Garcia has pled non-compliance with the Tort Claims Act, dismissal of Garcia's state law claims is appropriate.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED in part and DENIED in part in that:

1.  Dismissal of the First, Second, Third, and Fifth causes of action in the FAC is GRANTED and these causes of action are DISMISSED without prejudice;

2.  Dismissal of the Fourth and Sixth causes of action is DENIED;

3.  Dismissal of the Eighth, Ninth, and Tenth causes of action is GRANTED and these causes of action are DISMISSED without prejudice; and

4.  Plaintiff has twenty-one (21) days from service of this order in which to file an amended complaint that is consistent with this order.

IT IS SO ORDERED.

**Dated:    February 15, 2006**           _____/s/ Anthony W. Ishii_____
0m8i78                                UNITED STATES DISTRICT JUDGE

24